# EXHIBIT A

# Notice of Removal

Amy Harrod, as Trustee for the Heirs and
Next of Kin of Russell Hampton Harrod
v. Quanta Services, Inc.

STATE OF MINNESOTA                          IN DISTRICT COURT

COUNTY OF SHERBURNE                         TENTH JUDICIAL DISTRICT
                                            Case Type: 13 (Wrongful Death)
                                            Court File No._____

Amy Harrod, as Trustee for the
Heirs and Next of Kin of
Russell Hampton Harrod,

                        Plaintiff,

vs.

                                                            SUMMONS

Quanta Services, Inc.,

                        Defendant.

_____

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:**

    You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the

Complaint which is herewith served upon you within twenty (20) days after service of this Summons

upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken

against you for the relief demanded in the complaint.

    **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to

participate in an alternative dispute resolution process under Rule 114 of the Minnesota General

Rules of Practice. You must still send your written response to the Complaint even if you expect to

use alternative means of resolving this dispute.  Notice of ADR processes will be provided by the

Court Administrator after this action is filed.

Dated this 23rd day of September, 2010

                                            Respectfully submitted,
                                            **David John Hatteberg, Ltd.**



                                            by:_____
                                            David J. Hatteberg, Atty. I.D. #024708X
                                            Attorney for Petitioner
                                            1321 Lake Drive West, #132
                                            Chanhassen, Minnesota 55317
                                            (952) 412-0328

**STATE OF MINNESOTA**

**COUNTY OF SHERBURNE**

**IN DISTRICT COURT**

**TENTH JUDICIAL DISTRICT**
Case Type: 13 (Wrongful Death)
Court File No._____

Amy Harrod, as Trustee for the
Heirs and Next of Kin of
Russell Hampton Harrod,

                         Plaintiff,

vs.                                                                                    **COMPLAINT**

Quanta Services, Inc.,

                         Defendant.

---

COMES NOW THE PLAINTIFF AND FOR HER CAUSE OF ACTION AGAINST THE DEFENDANT ALLEGES AND STATES AS FOLLOWS:

1.  On September 23, 2010, Amy Harrod was appointed Trustee for the next of kin of Russell Hampton Harrod, by Order of the Stearns County District Court, a copy of which is attached hereto as Exhibit A. The above-captioned action is brought by Amy Harrod in her capacity as Trustee for the next of kin of Russell Hampton Harrod pursuant to the Minnesota Wrongful Death Statute, Minn. Stat. §§ 573.02 et seq.

2.  Decedent, was at all times material hereto, a resident of Stearns County, Minnesota.

3.  Decedent was at all time material hereto, employed by Okay Construction, LLC, (hereinafter referred to as Okay) as an electrical construction laborer/lineman.

4.  According to the records of the Minnesota Secretary of State, Okay is a Delaware Limited Liability Company with a registered office located at 380 Jackson Street, #700, St. Paul, Minnesota 55101; and, upon information and belief, has a business office at 208 North Rum River Road, Princeton, Minnesota 55371.

5.  At all times material hereto, Okay was engaged in the business of electrical construction contractor.

6.  Upon information and belief, Okay is a subsidiary of Quanta Services, Inc., (hereinafter referred

to as Quanta) a Delaware corporation; which has corporate headquarters at 1360 Post Oak Boulevard, Suite 2100, Houston, Texas 77056-3023, is a foreign corporation as that term is defined under Minnesota law, and has no registered office or agent for purposes of service of process within the state of Minnesota.

7. On October 2, 2007, decedent, while engaged in employment with Okay in or near the City of Becker, Minnesota, was killed as a result of a utility pole falling upon and crushing him.

8. The City of Becker is located within Sherburne County, Minnesota.

9. Sherburne County is the proper venue and this Court possesses jurisdiction over the action pursuant to Minn.Stat. § 542.09, as the cause of action or some part thereof arose in Sherburne County.

10. As a result of the decedent's death, the Minnesota Department of Labor and Industry, Occupational Safety and Health Division, (hereinafter referred to as "MNOSHA") conducted an investigation.

11. Quanta, as the parent corporation of Okay, assumed the duty of providing and managing safety training to the employees of Okay, by contractually agreeing to have a written and implemented formal safety and health management system which included all elements described in "OSHA's Safety and Health Management Guidelines" at its operational and corporate levels; and, by providing safety training and assistance to Okay, specifically including, by way of example but not limitation, the following:

   a. Entering into "Electrical Contractors Transmission and Distribution Safety Partnership Agreement" dated August 2004 (hereinafter referred to as the "Safety Agreement", with the United States Department of Labor, Occupational Safety and Health Administration (OSHA) on behalf of its subsidiaries, including Okay; and,

   b. Directly conducting safety training to Okay employees in Minnesota, by sending Quanta

2

safety personnel to act as instructors; and,

   c. Directly assisting in the investigation into the accident resulting in decedent's death conducted by MNOSHA by having its Regional Safety Manager participate in the investigation; and,

   d. Asserting to MNOSHA that Quanta shared resources with and possessed sufficient control and involvement in Okay's safety operations to qualify for the inclusion of Quanta's 17,000 employees into the determination of the employee size credit to be given Okay in determining the penalty imposed for violations cited as a result of the investigation into decedent's death; and,

   e. The Quanta Regional Safety Manager's assertion to MNOSHA that he helps with training employees for all of the companies owned by Quanta to assure the training is completed according to the Safety Agreement.

12. Quanta, in the Safety Agreement, agreed to plan, implement and maintain a safety training program for contractor employees in the electrical transmission and distribution industry which was in compliance with the OSHA act and all current OSHA standards in order to reduce the number of fatalities, injuries and illnesses in the industry.

13. Quanta submitted the Safety Agreement to MNOSHA on behalf of Okay as evidence of Okay's safety program.

14. As a result of its investigation, MNOSHA issued a Citation and Notice of Penalty, wherein it determined that Okay committed three serious violations of federal regulations and Minnesota law; to wit:

   a. Okay's Workplace Accident and Injury Reduction (AWAIR) program was not fully established, in that the employer did not have a program to identify, analyze, and control new or existing hazards, conditions and operations and did not conduct and document an annual

3

supervision of Okay's safety program.  Such negligence includes, by way of example but not limitation, the following:

   a.  Failure to establish a safety program for use by Okay which complied with all requirements of federal regulations and Minnesota law; and,

   b.  Failure to establish a safety program for use by Okay which appropriately identified, analyzed and controlled new or existing hazards, conditions, and operations for Okay and it's employees.

   c.  Failure to conduct and document regular periodic reviews of the safety program used by Okay;

   d.  Failure to document the implementation and administration of the safety program used by Okay;

   e.  Failure to implement a safety program requiring frequent and regular inspections of the onsite equipment used by Okay;

   f.  Failure to implement a safety program which prohibited employees from working under a power pole which is not adequately supported during framing operations.

22. Quanta's breach of its duty of due care and negligence renders Quanta directly liable for plaintiff's harm.

23. As a direct result of Quanta's breach of duty and negligence, Russell Hampton Harrod died.

24. As a direct and proximate result of defendants' negligence, Russell Hampton Harrod's next of kin have suffered and in the future will suffer permanent and substantial personal and pecuniary loss, as well as deprivation of the advice, counsel, comfort, protection, support, companionship, and income of the decedent, all to their general damage in a sum in excess of $50,000.

## COUNT II
### BREACH OF SPECIAL DUTY

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

26. Quanta voluntarily undertook a duty to comply with the regulations and requirements established by OSHA on behalf of its subsidiaries, including Okay.

27. Quanta knew or should have known that compliance with OSHA safety requirements was necessary for the protection of Okay's employees, including decedent, Russell Hampton Harrod.

28. Quanta knew or should have known that its subsidiary Okay, the decedent, and his next of kin would and did rely upon Quanta to exercise reasonable care to perform, and to fulfill, the undertakings set forth in the Safety Agreement, and to otherwise develop, implement and supervise a safety training program for Okay in compliance with federal regulations and Minnesota law.

29. At all relevant times, Quanta failed to exercise reasonable care in performing, and failed to fulfill the undertakings it assumed relative to development, implementation and supervision of a safety training program for Okay in compliance with federal regulations and Minnesota law.

30. As a direct and proximate result of Quanta's failure to exercise reasonable care in performing and its failure to fulfill the undertakings it assumed relative to development, implementation and supervision of a safety program for Okay in compliance with federal regulations and Minnesota law, Russell Hampton Harrod died, and his next of kin suffered, and will continue to suffer, injury, harm, and economic loss as alleged herein.

6

**COUNT III**
**NEGLIGENCE PER SE**

31. Plaintiff re-alleges paragraphs 1 through 15 in support of her claim for negligence per se, and further states and alleges as follows:

32. In 29 Code of Federal Regulations (CFR) 1926, entitled "SAFETY AND HEALTH REGULATIONS FOR CONSTRUCTION" the federal Department of Labor, Occupational Safety and Health Administration, established federal safety and health regulations for the construction industry.

33. Minnesota has adopted federal Occupational Safety and Health Administration (OSHA) regulations by both statute and case law.

34. Subpart C of said federal regulation is entitled: "General safety and health provisions", and contains section 1926.20(f) "Compliance duties owed to each employee", which imposes training requirement upon construction industry employers; to wit:

> *Training. Standards in this part requiring training on hazards and related matters, such as standards requiring that employees receive training or that the employer train employees, provide training to employees, or institute or implement a training program, impose a separate compliance duty with respect to each employee covered by the requirement. The employer must train each affected employee in the manner required by the standard, and each failure to train an employee may be considered a separate violation.*

35. Paragraph (b)(2) of Section 1926.21, entitled "Safety training and education", of said federal regulation requires construction industry employers to provide safety instruction to each employee; to wit:

> *The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.*

36. Paragraph (b)(2) of Section 1926.20, entitled "General safety and health provisions", of said federal regulation establishes a requirement that employers implement a program of frequent and

7

regular inspections of onsite equipment, which includes use of the "Pole Gin" used to support

poles undergoing framing operations as occurred in this matter.

37. Paragraph (f) of Section 1926.953, entitled "Material handling", of said federal regulation
establishes a requirement that employees shall not work under a pole unless the pole is
adequately supported.

38. Subdivision 8 of Minn.Stat. § 182.653, entitled "RIGHTS AND DUTIES OF EMP_OYERS",
establishes a requirement that employers establish a written work place accident and injury
reduction program, known as an "AWAIR program", which must include:

   a.   How the program will be implemented and managed;

   b.   The methods used to identify, analyze, and control new or existing hazards, conditions and
   operations;

   c.   How the program will be communicated to employees;

   d.   How work place accidents will be investigated;

   e.   How the program will be enforced; and,

   f.   Provision for conducting and documenting reviews of the program.

39. Pursuant to the Safety Agreement and its training activities at Okay's offices in Minnesota,
Quanta voluntarily undertook the duty to comply with the federal regulations and Minnesota law
cited above on behalf of its subsidiaries, including Okay.

40. That the federal regulations and Minnesota law cited above imposed affirmative duties upon
Quanta, who had assumed the duty to establish a safety program on behalf of Okay.

41. As evidenced by the violations of the federal regulations and Minnesota law cited in the
MNOSHA Citation and Notice of Penalty, Quanta breached its duty to establish a safety program
on behalf of Okay which complied with federal regulation and Minnesota law.

42. Quanta failed to ensure that each of Okay's employees, including decedent, was instructed in the

8

recognition and avoidance of unsafe conditions, specifically including but not limited to, the requirements:

    a.  That no employee shall work under a pole, unless the pole is adequately supported; and,

    b.  That frequent and regular inspections of onsite equipment be made by a competent person designated by the employer; specifically including the use of the "Pole Gin" to support the poles undergoing framing operations;

and, said failure violated affirmative duties imposed by federal regulation and/or Minnesota law.

43. Quanta's violation of and/or failure to comply with said federal regulations and Minnesota law constitutes negligence per se.

44. At all times relevant to this complaint, decedent Russell Hampton Harrod, was acting as an employee of an electric construction contractor, and was entitled to the protections of said federal regulations and Minnesota law.

45. The resulting harm suffered by decedent and plaintiff is of the type the federal regulations and Minnesota law were intended to prevent.

46. As a direct and proximate result of Quanta's breach of its affirmative duties imposed by federal regulations and Minnesota law, Russell Hampton Harrod died.

47. As a direct and proximate result of Quanta's negligence, Russell Hampton Harrod's next of kin have suffered, and in the future will continue to suffer, permanent and substantial personal and pecuniary loss, as well as deprivation of the advice, counsel, comfort, protection, support, companionship, and income of the decedent, all to their general damage in a sum in excess of $50,000.

WHEREFORE, plaintiff prays the court to hear and determine this matter and issue its order:

1. Awarding Plaintiff money damages in an amount to be proven at trial but expected to be in

excess of Fifty Thousand and no/100 ($50,000.00) Dollars, together with prejudgment interest; and,

    2.   Granting the plaintiffs reasonable costs and disbursements incurred herein, including reasonable attorney's fees; and,

    3.   Granting any such other relief as the Court may deem proper and necessary.

    4.   Plaintiff gives notice to both the Court and defendant that the persons and entities named herein were identified based upon the information available to plaintiff at the time of drafting the complaint, and plaintiff reserves its right to amend the complaint after discovery to include additional defendants and/or to demand punitive damages.

Dated this 23rd day of September, 2010

                      Respectfully submitted,
                      **David John Hatteberg, Ltd.**

                      by:_____
                      David J. Hatteberg, Atty. I.D. #024708X
                      Attorney for Petitioner
                      1321 Lake Drive West, #132
                      Chanhassen, Minnesota 55317
                      (952) 412-0328

The above signed attorney hereby acknowledges that sanctions may be imposed for violations of Minn. Stat. § 549.211

10